**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 DEFERRED COMPENSATION EMPLOYEE SAVINGS TRUST; INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 EDUCATIONAL TRAINING FUND; LOCAL 399, INTERNATIONAL UNION OF OPERATING ENGINEERS POLITICAL EDUCATION FUND; and INTERNATIONAL UNION OF OPERATING ENGINEERS OF CHICAGO, ILLINOIS AND VICINITY LOCAL NO. 399, | ) ) ) ) ) CASE NO.: 26-cv-04603 ) ) ) ) JUDGE: ) ) ) MAGISTRATE JUDGE: ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CRAYTON MANAGEMENT, LLC, an Illinois limited liability company, | ) ) ) ) |
| Defendant. | ) |

## <u>COMPLAINT</u>

NOW COME Plaintiffs, the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST ("Welfare Fund"), the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 DEFERRED COMPENSATION EMPLOYEE SAVINGS TRUST ("Savings Fund"), the INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 EDUCATIONAL TRAINING FUND ("ETF"), the LOCAL 399, and the INTERNATIONAL UNION OF OPERATING ENGINEERS POLITICAL EDUCATION FUND ("PEF") (collectively "Trust Funds"), and the INTERNATIONAL UNION

OF OPERATING ENGINEERS OF CHICAGO, ILLINOIS AND VICINITY LOCAL NO. 399 ("Union"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendant, CRAYTON MANAGEMENT, LLC ("Crayton"), as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145). The Court has jurisdiction over the subject matter pursuant to 29 U.S.C. §§ 1132 and 1145, as well as 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the Trust Funds are administered at 2260 S. Grove Street, Chicago, Illinois, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements negotiated between the Union and employers, and are therefore multiemployer plans under 29 U.S.C. § 1002.

4. The Union is the bargaining representative of Defendant Crayton's bargaining-unit employees.

5. Defendant Crayton is an Illinois limited liability company.

6. Defendant Crayton operates as the management company for two (2) buildings located at 820 and 850 W Jackson Boulevard, Chicago, Illinois 60607 (collectively "Jackson Buildings").

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT - CRAYTON**

7. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. Effective May 15, 2023, the Building Owners and Managers Association of Chicago ("BOMA/Chicago") signed a Collective Bargaining Agreement ("CBA") with the Union which covered bargaining-unit work performed at the Jackson Buildings. (A copy of the CBA is attached as **Exhibit 1**).

9. The CBA remains in effect.

10. In 2023, Crayton executed 2023 BOMA/Chicago & IUOE Local 399 Engineers Agreement Signatory Forms on behalf of each of the Jackson Buildings (collectively "Jackson Building Agreements"). (Copies of the Jackson Building Agreements are attached as **Exhibit 2**).

11. Pursuant to the Jackson Building Agreements, Crayton is bound by the terms of the CBA as if Crayton were a direct signatory employer thereto. (**Exhibit 2**).

12. Crayton, through BOMA/Chicago, is bound by the terms of the Agreements and Declarations of Trust ("Trust Agreements") that created the Trust Funds.

13. Pursuant to the Trust Agreements, the Trust Funds and Union adopted the Restated Collection and Audit Policy ("Collection Policy") to administer the collection of contributions from contributing employers. (A copy of the Collection Policy is attached as **Exhibit 3**).

14. Pursuant to the provisions of the CBA, the Trust Agreements, and the Collection Policy, Crayton is required pay monthly contributions to the Welfare Fund for all bargaining-unit employees.

15. Welfare Fund contributions are billed in the third week of the month preceding the month being billed, and payment is due the first day of the month following the month being billed.

16. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), provisions of the CBA, the Welfare Fund's Trust Agreement, and the Collection Policy, employers who fail to submit their monthly contributions to the Welfare Fund within ninety (90) days of the due date, are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus reasonable attorney's fees, and costs associated with collecting delinquent contributions and liquidated damages.

17. Crayton failed to submit contributions to the Welfare Fund for the months of March 2025, April 2025, September 2025, October 2025, November 2025, December 2025, January 2026, February 2026, and March 2026, in the aggregate amount of $40,427.81.

18. As a result of Crayton's failure to submit contributions to the Welfare Fund for March 2025, April 2025, September 2025, October 2025, November 2025, and December 2025 within ninety (90) days of the due date, Crayton owes the Welfare Fund liquidated damages totaling $2,896.20.

19. Pursuant to the provisions of the CBA, the ETF's Trust Agreement, and the Collection Policy, Crayton was required to pay annual contributions by June 1, 2025, to the ETF for all active, full-time, bargaining-unit employees as of May 19, 2025.

20. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), provisions of the CBA, the ETF's Trust Agreement, and the Collection Policy, employers who fail to submit their annual contributions to the ETF within ninety (90) days of the due date, are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus reasonable

attorney's fees, and costs associated with collecting delinquent contributions and liquidated damages.

21. ETF failed to submit annual contributions for the period of 2025 totaling $3,984.00 to the ETF for its active, full-time employees as of May 19, 2025.

22. As a result of Crayton's failure to submit annual contributions for the period of 2025 to the ETF within ninety (90) days of the due date, Crayton owes the ETF liquidated damages totaling $398.40.

23. Pursuant to the provisions of the CBA, the Savings Fund's Trust Agreement, and the Collection Policy, Crayton is required to deduct elective deferrals from the paychecks of participating bargaining-unit employees and remit payment of those elective deferrals to the Savings Fund by the fifteenth (15th) day of the month following the month in which the elective deferrals were withheld.

24. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132), provisions of the CBA, the Savings Fund's Trust Agreement, and the Collection Policy, employers who fail to submit elective deferrals to the Savings Fund by the fifteenth (15th) day of the month following the month in which the elective deferrals were withheld, are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, interest equal to ten percent (10%) per annum from the due date until the payment is received, plus reasonable attorney's fees, and costs associated with collecting delinquent contributions and liquidated damages.

25. Crayton failed to timely submit elective deferrals to the Savings Fund for the months of February 2025 through February 2026, in the aggregate amount of $4,052.73.

26. As a result of Crayton's failure to submit elective deferrals for the months of February

2025 through February 2026 to the Savings Fund the due date, Crayton owes the Savings Fund liquidated damages totaling $405.27.

27. As a result of Crayton's failure to timely submit elective deferrals to the Savings Fund for the months of February 2025 through February 2026, Crayton owes the Savings Fund interest in an amount to be determined.

28. Pursuant to the provisions of the CBA, Crayton is required to deduct voluntary and authorized deductions from participating bargaining-unit employees on a monthly basis and remit such deductions to the PEF.

29. Crayton failed to remit deductions to the PEF for the months of August 2025 through December 2025, in the aggregate amount of $375.00.

30. Pursuant to the provisions of the CBA and Collection Policy, Crayton is required to deduct dues from participating bargaining-unit employees and remit such dues to the Union no later than the twentieth (20th) day of the following month after such deductions were made.

31. Pursuant to the provisions of the CBA and Collection Policy, employers who fail to pay dues to the Union by the due date twice in a twelve (12) month period are responsible for liquidated damages equal to five percent (5%) per month, plus interest of two percent (2%) per month.

32. Crayton failed to timely remit dues to the Union for the months of August 2025 through February 2026, in the aggregate amount of $1,944.25.

33. As a result of Crayton's failure to remit dues for the months of August 2025 through February 2026 to the Union twice within a twelve (12) month period, Crayton owes the Union liquidated damages totaling $401.54.

34. As a result of Crayton's failure to timely submit dues to the Union for the months of August

2025 through February 2026, Crayton owes the Union interest in an amount to be determined.

35.    Crayton has a continuing obligation to pay contributions and transmit elective deferrals to Plaintiffs on behalf of its bargaining-unit employees.  Accordingly, additional amounts will become due and owing by Crayton.

36.    Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from Crayton.

37.    Crayton is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A.    That Judgment be entered in favor of the Welfare Fund and against Crayton in the aggregate amount of $43,324.01 for its breach of the CBA for the months of March 2025, April 2025, September 2025, October 2025, November 2025, December 2025, January 2026, February 2026, and March 2026, itemized as follows:

    i.    $40,427.81 in unpaid contributions;

    ii.    $2,896.20 in liquidated damages; and

    iii.    Additional liquidated damages in an amount to be determined if the contributions owed for January 2026, February 2026, and March 2026 (should any of these contributions become more than 90 days past due);

B.    That Judgment be entered in favor of the ETF and against Crayton in the aggregate amount of $4,382.40 for its breach of the CBA for all active, full-time, bargaining-unit employees as of May 19, 2025, itemized as follows:

        i.        $3,984.00 in unpaid annual contributions; and

        ii.        $398.40 in liquidated damages;

C.      That Judgment be entered in favor of the Savings Fund and against Crayton for all elective deferrals, liquidated damages, and interest found to be due and owing for the months of February 2025 through February 2026, itemized as follows:

        i.        $4,052.73 in elective deferrals;

        ii.        $405.27 in liquidated damages; and

        iii.        Interest in an amount to be determined;

D.      That Judgment be entered in favor of the PEF and against Crayton in the aggregate amount of $375.00 for its breach of the CBA for the months of August 2025 through September 2025;

E.      That Judgment be entered in favor of the Union and against Crayton for all dues, liquidated damages, and interest found to be due and owing for the months of August 2025 through February 2026, itemized as follows:

        i.        $1,944.25 in dues;

        ii.        $401.54 in liquidated damages; and

        iii.        Interest in an amount to be determined;

F.      That this Honorable Court enter Judgment in favor of Plaintiffs and against Crayton for any amounts discovered to be owed in addition to those set forth in Paragraphs A through E above;

G.      That Crayton be ordered to pay the reasonable attorney's fees and costs incurred by the Trust Funds and Union pursuant to the CBA, Trust Agreements, Collection Policy, and 29 U.S.C. § 1132(g)(2)(D); and

H. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Crayton's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH & WELFARE TRUST** *et al.*

/s/ Edward P. Barry - 6348821
One of the Plaintiffs' Attorneys
JOHNSON & KROL, LLC
141 W Jackson Boulevard, STE 2055
Chicago, Illinois 60604
(312) 788-2917
barry@johnsonkrol.com